FILED

2017 NOV 29 PM 1:36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

STUART R. SCHWARTZ,
    Plaintiff.

v.

CASE NO. 8:17 cv 2858 T36 AAS

THE BANK OF AMERICA PENSION
PLAN FOR LEGACY COMPANIES –
FLEET; BANK OF AMERICA
CORPORATION; BANK OF AMERICA
CORPORATION CORPORATE
BENEFITS COMMITTEE AS PLAN
ADMINISTRATOR; AND BANK OF
AMERICA, N.A., AS TRUSTEE,
    Defendants

Jury Trial: Yes

---

**Complaint and Demand for Jury Trial**

COMES NOW Plaintiff, STUART R. SCHWARTZ, pro se, and pursuant to 29 U.S.C. Section 1001, et seq., files this Complaint and Demand for Jury Trial to recover benefits owing under a plan created under The Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. Section 1001 *et seq.*) and for breach of contract, for damages relating to violations of 29 U.S.C. Section 1001 et seq. and for punitive damages and states:

**GENERAL ALLEGATIONS**

    1.    Plaintiff Stuart R. Schwartz ("Plaintiff"), is an individual who resides at 7529 Harrington Lane, Bradenton, Manatee County, Florida 34202. Plaintiff's

1

telephone number is (847) 272-7217. Plaintiff's email address is srschwartz99@gmail.com.

2. Defendant The Bank of America Pension Plan for Legacy Companies – Fleet (the "Fleet Plan") is a plan and trust established pursuant to 29 U.S.C. Sections 1102 and 1103. The Fleet Plan's address for service of process is Bank of America Plan Administrator, NC1-026-02-50, 900 W. Trade Street, Charlotte, Mecklenburg County, North Carolina 28255. Plaintiff is uncertain of Fleet Plan's telephone number or email address. On information and belief, Fleet Plan's principal place of business is outside the State of Florida. Fleet Plan does business in the Middle District of Florida.

3. Defendant Bank of America Corporation ("BAC") is a Delaware corporation. On information and belief, BAC has multiple addresses. With respect to the subject matter of this Complaint and Demand for Jury Trial, an address for service of process on BAC is Bank of America Plan Administrator, NC1-026-02-50, 900 W. Trade Street, Charlotte, Mecklenburg County, North Carolina 28255. Plaintiff is uncertain of BAC's telephone number or email address. On information and belief, BAC's principal place of business is outside the State of Florida. BAC does business in the Middle District of Florida.

4. Defendant Bank of America Corporation Corporate Benefits Committee (the "Committee") is an unincorporated division or committee of BAC. With respect to the subject matter of this Complaint and Demand for Jury Trial, the Committee's address is Bank of America Plan Administrator, NC1-026-02-50, 900 W.

2

Trade Street, Charlotte, Mecklenburg County, NC 28255. Plaintiff is uncertain of the Committee's telephone number or email address. On information and belief, the Committee's principal place of business is outside the State of Florida. The Committee does business in the Middle District of Florida.

5. The Committee is the Fleet Plan's plan administrator and has fiduciary duties with respect thereto pursuant to 29 U.S.C. Section 1104.

6. Defendant Bank of America, N.A. ("BANA" and together with the Fleet Plan, BAC and the Committee, the "Defendants") is a national association formed under the laws of the United States. On information and belief, BANA has multiple addresses. With respect to the subject matter of this Complaint and Demand for Jury Trial, an address for service of process on BANA is Bank of America, N.A., Trustee, Bank of America Center, TX4-213-13-14, 700 Louisiana Street, Houston, Harris County, TX 77002. Plaintiff is uncertain of BANA's telephone number or email address. On information and belief, BANA's principal place of business is outside the State of Florida. BANA does business in the Middle District of Florida.

7. BANA is the Fleet Plan's trustee and has fiduciary duties with respect thereto pursuant to 29 U.S.C. Section 1104.

### Jurisdiction and Venue

8. Plaintiff may bring this action pursuant to 29 U.S.C. Sections 1132(a)(1)(A) and 1132(a)(1)(B).

3

9. This Court has jurisdiction pursuant to 29 U.S.C. Sections 1132(e)(1) and 1132(f)(1) because the causes of action arise under the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. Section 1001 *et seq.*).

10. This Court also has jurisdiction pursuant to 28 U.S.C. Section 1332 because the Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Venue is proper pursuant to 29 U.S.C. Section 1132(e)(2) because (a) Plaintiff resides in the Middle District of Florida; (b) the events alleged in this Complaint, including where the breach occurred, occurred in the Middle District of Florida and (c) Defendants may be found in the Middle District of Florida.

12. The amount in controversy exceeds $75,000 exclusive of interest and costs.

### General Allegations

13. These causes of action arose because Defendants (a) refuse to pay benefits and amounts to which Plaintiff is entitled under the Fleet Plan and (b) misled Plaintiff about such benefits and amounts.

14. Plaintiff was employed by Defendants and/or their predecessors and subsidiaries from approximately 1985 through March 31, 2015.

15. Defendants maintain the Fleet Plan for eligible employees of Defendants and/or their predecessors, affiliates and subsidiaries.

16. Defendants also maintain a Bank of America Pension Plan for Legacy Fleet – FBF Cash Balance (the "Cash Balance Plan") for eligible employees of Defendants and/or their predecessors, affiliates and subsidiaries.

17. Defendants undertook and are liable to Plaintiff for all obligations of Defendants and their predecessors, affiliates and subsidiaries under both the Fleet Plan and the Cash Balance Plan.

18. Plaintiff is a participant in and beneficiary of both the Fleet Plan and the Cash Balance Plan.

19. Defendants have represented and acknowledged Plaintiff's eligibility and participation in both the Fleet Plan and the Cash Balance Plan and that the benefits and amounts Plaintiff is entitled to under the Fleet Plan are additional to those he is entitled to under the Cash Balance Plan.

20. Defendants' compensation practices are confusing and complex.

21. Plaintiff's benefits under the Fleet Plan are in addition to all other amounts Plaintiff is entitled to from Defendants and their predecessors, affiliates and subsidiaries, whether pursuant to the Cash Balance Plan, other retirement plans or otherwise.

22. Based on Plaintiff's employment and participation, in mid-2014, Defendants represented that under the Fleet Plan upon retirement in approximately March, 2015, Plaintiff was entitled to a lifetime benefit of $5,929.24 per month commencing upon retirement. This benefit would be adjusted based on whether Plaintiff elected to have a benefit continue to his spouse in the event that he predeceased her.

23. In addition to the amounts owing to Plaintiff under the Fleet Plan, based on Plaintiff's employment and participation, Defendants represented that under the Cash Balance Plan, Plaintiff was entitled to a cash balance lump sum payment. The amount of this lump sum increased with passage of time. Plaintiff could elect to withdraw this lump sum, roll it over to another qualified plan, or leave it in its then account which would continue to accrue interest and benefits until he withdrew it or rolled it over to another account. As of November 27, 2017, Plaintiff still maintained the cash balance sum accruing interest with Defendants in an account under the Cash Balance Plan. Plaintiff intends to roll this cash balance sum over to another qualified institution.

24. Defendants comprise one of the largest financial institutions in the world and are expected and required to maintain complete and accurate books and records.

25. Plaintiff justifiably relied on Defendants' representations concerning benefits owing to him under the Fleet Plan and under the Cash Balance Plan as true and correct.

26. In preparation for retiring, in late 2014 Plaintiff elected to receive his monthly benefit under the Fleet Plan commencing in early 2015 and started the process to commence receiving benefits.

27. In December, 2014, Defendants advised Plaintiff that the $5,929.24 per month amount they had previously represented he was entitled to under the Fleet Plan commencing March, 2015, was incorrect and that the correct amount was

$1,465.82 per month, subject to adjustment if Plaintiff elected to have the benefit continue if he predeceased his spouse

28.     Plaintiff discussed the $1,465.82 per month amount with Defendants and was advised that such $1,465.82 amount had been thoroughly vetted and reviewed.

29.     Plaintiff retired on March 31, 2015.

30.     By letter dated May 1, 2015 with the subject line "Final Benefit Calculation" (the "Final Benefit Calculation"), Defendants confirmed the amount owing to Plaintiff under the Fleet Plan commencing May 1, 2015 to be $1,291.59 per month until his death and $968.69 per month to his beneficiary after his death. A copy of the Final Benefit Calculation is attached hereto as Exhibit A and incorporated herein.

31.     On information and belief, all calculations prepared by Defendants with respect to benefits or amounts owing to Plaintiff, including the $5,929.24 per month amount, the $1,465.82 per month amount and the amounts in the Final Benefit Calculation were prepared by experienced and competent personnel on the basis of the information available to them.

32.     Plaintiff received distributions of $1,291.59 under the Fleet Plan for the months of May, 2015 through March, 2016.

33.     In early 2016, Defendants informed Plaintiff that all their prior representations and calculations were incorrect, despite having been previously extensively reviewed by Defendants, and that Plaintiff was not entitled to *any* distributions under the Fleet Plan.

34. Plaintiff asked (a) why Defendants had reviewed the Final Benefit Calculation after making payments pursuant to it; (b) whether Plaintiff was singled out for discriminatory treatment; and (c) whether Defendants re-reviewed final benefit calculations for senior officers or other employees after payments had commenced. Defendants have not given a clear response to these questions.

35. Defendants stopped making distributions to Plaintiff under the Fleet Plan for the month of April, 2016, and for all months thereafter.

36. Plaintiff and his beneficiary are still alive.

37. Plaintiff properly and timely appealed Defendants' decision to not make any further distributions to him under the Fleet Plan. Plaintiff timely performed all acts required under the Fleet Plan documents with respect thereto.

38. Plaintiff is entitled to receive all records, documents and information relating to his benefits under the Fleet Plan. Plaintiff timely and properly requested such records, documents and information, including without limitation information relating to (a) Defendants' multiple representations he was entitled to benefits under the Fleet Plan in various amounts in excess of $5,000 per month until his death and (b) the calculation of, and the extensive internal reviews that concluded Plaintiff was entitled under the Fleet Plan to, a benefit of $1,291.59 per month until his death and $968.69 per month to his beneficiary after his death. Such records include, without limitation (a) the calculations supporting each of the amounts represented to Plaintiff and (b) transcripts of multiple telephone calls which Defendants told Plaintiff were being recorded.

39. No later than December 18, 2014, Plaintiff requested that Defendants provide records, documents and other information concerning the various calculations which Defendants had represented to him.

40. In response to Plaintiff's requests for records, documents and other information, at various times Plaintiff was told by Defendants that (a) portions of relevant information was not available to him and (b) portions of relevant material may have been lost or destroyed.

41. Plaintiff attempted to compute the amount owing to him under the Fleet Plan himself but was unable to do so without the information Defendants refused or were unable to provide to him.

42. Therefore, Plaintiff was required to rely on Defendants' representations and calculations.

43. Despite Plaintiff's timely, proper and repeated requests, Defendants have not provided all of such records, documents and other information.

44. Plaintiff is unable to determine if, at the time Defendants made and reviewed the $1,465.82 per month and the $1,291.59 per month amounts, Defendants had all information available to themselves when they made the calculation that Plaintiff was entitled to $5,929.24 per month under the Fleet Plan.

45. Plaintiff is unable to determine if, at the time Defendants claimed Plaintiff was not entitled to any benefits under the Fleet Plan, Defendants had all information available to themselves when they made the calculations that Plaintiff was

entitled to $5,929.24 per month, $1,465.82 per month or $1,291.59 per month under the Fleet Plan.

46. Plaintiff exhausted his administrative review rights under the Fleet Plan's documents and the Fleet Plan's appeal process and received from Defendants a Final Decision dated December 1, 2016 (the "12/1/16 Final Decision") stating that he had a right to file a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. Section 1132(a)), within one year of the date of the 12/1/16 Final Decision.

47. The documents for the Fleet Plan provide that if a claim is denied, the claimant must request a review within 60 days from when claimant is notified of the denial or, if no notice of denial is received, claimant has 150 days from the filing of the initial claim to request review.

48. The Final Benefit Calculation dated May 1, 2015, constitutes a denial of Defendants' claim that Plaintiff is not owed anything under the Fleet Plan.

49. In regards to the Final Benefit Calculation, Defendants are the claimants for purposes of needing to request a review within the applicable 60 day or 150 day period because they are the ones disputing the Final Benefit Calculation.

50. Defendants had notice of the Final Benefit Calculation no later than May 1, 2015.

51. Defendants did not request a review of the Final Benefit Calculation within 60 days or 150 days of May 1, 2015.

52. Defendants are estopped and prohibited by the terms of the Fleet Plan documents from claiming Plaintiff is not entitled to the amounts specified in the Final Benefit Calculation.

53. All conditions precedent to the filing of this action have been met, waived or have been excused.

## COUNT 1: COMPLAINT TO RECOVER BENEFITS

54. Paragraphs 1 through 53 are re-alleged and incorporated as if fully stated herein.

55. Based on Defendants' representations on which Plaintiff justifiably relied and the terms of the Fleet Plan, Plaintiff is entitled under the Fleet Plan to a benefit of $5,929.24 per month commencing March, 2015 (adjusted if Plaintiff elects to provide for a benefit to his beneficiary after his death), until his death, plus interest thereon, plus all other amounts owing to Plaintiff by Defendants.

56. Alternatively, based on Defendants' representations on which Plaintiff justifiably relied, the terms of the Fleet Plan, and the Final Benefit Calculation, Plaintiff is entitled under the Fleet Plan to a benefit of $1,291.59 per month, commencing May 1, 2015 until his death and to a benefit of $968.69 per month to his beneficiary after his death, plus interest thereon, plus all other amounts owing to Plaintiff by Defendants.

57. Defendants did not request a review of the Final Benefit Calculation within 150 days of May 1, 2015.

58. Defendants are estopped from claiming that Plaintiff is not owed the amounts set forth in the Final Benefit Calculation.

## COUNT 2: BREACH OF CONTRACT

59. Paragraphs 1 through 58 are re-alleged and incorporated as if fully stated herein.

60. Defendants' representations with respect to the Fleet Plan on which Plaintiff justifiably relied and Plaintiff's continued employment by Defendants and their predecessors and subsidiaries, constitute a contract binding on Defendants. Under the terms of such contract Plaintiff is entitled under the Fleet Plan to a benefit of $5,929.24 per month commencing March, 2015 (adjusted if Plaintiff elects to provide for a benefit to his beneficiary after his death), until his death, plus interest thereon, plus all other amounts owing to Plaintiff by Defendants.

61. Alternatively, Defendants' representations with respect to the Fleet Plan on which Plaintiff justifiably relied, Plaintiff's continued employment by Defendants and their predecessors and subsidiaries and the Final Benefit Calculation under which benefits actually commenced, constitute a contract binding on Defendants. Under the terms of such contract, Plaintiff is entitled under the Fleet Plan to a benefit of $1,291.59 per month, commencing May 1, 2015 until his death and to a benefit of $968.69 per month to his beneficiary after his death plus interest thereon, plus all other amounts owing to Plaintiff by Defendants.

62. Alternatively, Defendants' representations with respect to the Fleet Plan on which Plaintiff justifiably relied; Plaintiff's continued employment by Defendants and their predecessors and subsidiaries, and the Final Benefit Calculation constitute a contract binding on Defendants. Defendants did not request review of the Final Benefit Calculation within the time required by the Fleet Plan documents. Therefore, Plaintiff is entitled under the Fleet Plan to a benefit of $1,291.59 per month, commencing May 1, 2015 until his death and to a benefit of $968.69 per month to his beneficiary after his death plus interest thereon, plus all other amounts owing to Plaintiff by Defendants.

**COUNT 3: DAMAGES FOR VIOLATION OF 29 U.S.C. SECTION 1132(c)(1)**

63. Paragraphs 1 through 62 are re-alleged and incorporated as if fully stated herein.

64. 29 U.S.C. Section 1132(c)(1) provides that in this Court's discretion the administrator of the Fleet Plan who failed or refused to provide such information (unless such failure or refusal results from matter reasonably beyond the control of such administrator) for more than 30 days may be personally liable to Plaintiff in the amount of up to $100 a day from the date of such failure or refusal, and this Court may in its discretion order such other relief as it deems proper.

65. The Committee is the plan administrator of the Fleet Plan. The Committee is responsible for and directly or indirectly controls all persons responsible for providing the information requested by Plaintiff.

66. The information which Plaintiff requested and which Defendants were required to provide but failed or refused to provide included, without limitation information relating to (a) Defendants' multiple and ever changing calculations of the benefits to which Plaintiff was entitled, (b) the reviews of such calculations, and (c) transcripts of all telephone calls relating to Plaintiff's claims and benefits under the Fleet Plan.

67. The information which Plaintiff requested and which Defendants were required to provide but failed or refused to provide included information that was (a) readily and easily available to Defendants, (b) not otherwise available to Plaintiff and (c) critical to Plaintiff's ability to understand and protect his benefits under the Fleet Plan.

68. Defendants' failure or refusal to provide the information requested by Plaintiff which they were required to provide was highly prejudicial to Plaintiff, leaving him powerless to effectively contest Defendants' calculations and recalculations which always seemed to calculate reduced amounts owing to Plaintiff.

69. Plaintiff requests that this Court order that the Committee is personally liable to Plaintiff in the amount of $100 a day from the day Plaintiff requested the information which Defendants were required to provide but failed or refused to provide, until Plaintiff receives all of such information.

70. Plaintiff also requests that this Court order such other relief which this Court in its discretion deems proper, including without limitation the relief requested in Count 4.

## **COUNT 4: PUNITIVE DAMAGES**

71. Paragraphs 1 through 70 are re-alleged and incorporated as if fully stated herein.

72. The misrepresentations and incorrect calculations by Defendants concerning benefits and amounts owing to Plaintiff under the Fleet Plan were made recklessly or intentionally.

73. The refusal of Defendants to provide information requested by Plaintiff concerning benefits and amounts owing to Plaintiff under the Fleet Plan, despite their obligation to do so, was intentional and reckless and severely impaired Plaintiff's right to determine the benefits to which he is entitled.

74. On information and belief, Defendants have hundreds of thousands of employees who may be entitled to benefits under the Fleet Plan or under retirement plans similar to the Fleet Plan.

75. Employees contemplating or facing retirement are vulnerable and need to be treated fairly.

76. Punitive damages are a proper method to encourage Defendants to correctly calculate amounts owing to their employees rather than denying that anything is owing.

77. Punitive damages are a proper method to discourage Defendants from recklessly making misrepresentations similar to those made to Plaintiff and from failing or refusing to provide records, documents and information to their other employees.

78. The amount of such punitive damages should be sufficient to discourage entities such as Defendants.

79. One percent (1%) of Defendants' net worths is an appropriate amount to discourage the conduct described in this Complaint and Demand for Jury Trial.

**WHEREFORE,** Plaintiff Stuart R. Schwartz, respectfully prays:

A. The Court conduct a trial by jury on all issues.

B. With respect to Count 1, the Court enter a judgment for Plaintiff and against Defendants for Benefits Owing under the Fleet Plan in an amount to be determined by the Court at a trial in this matter;

C. With respect to Count 2, the Court enter a judgment for Plaintiff and against Defendants for Breach of Contract in an amount to be determined by the Court at a trial in this matter;

D. With respect to Count 3, the Court enter a judgment for Plaintiff and against Defendant Bank of America Corporation Corporate Benefits Committee as Plan Administrator for $100 a day from the date Defendants failed or refused to provide to Plaintiff the records, documents and information requested by Plaintiff which Defendants were required to provide;

E. With respect to Count 4, the Court enter a judgment for Plaintiff and against Defendants for Punitive Damages in an amount to be determined by the Court at a trial in this matter;

F. The Court tax costs of this action to Defendants;

G. The Court award Plaintiff interest, costs and expenses in an amount to be determined by the Court at a trial in this matter; and

H. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: November 29, 2017

Respectfully submitted,

By: _____
Stuart R. Schwartz, pro se
7529 Harrington Lane
Bradenton, Florida 34202
(847) 272-7217
Srschwartz99@gmail.com