UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STUART R. SCHWARTZ,**

 **Plaintiff,**

v.                Case No.: 8:17-cv-2858-T-36AAS

**THE BANK OF AMERICA PENSION PLAN
FOR LEGACY COMPANIES – FLEET;
BANK OF AMERICA CORPORATION;
BANK OF AMERICA CORPORATION
CORPORATE BENEFITS COMMITTEE
as Plan Administrator; and
BANK OF AMERICA, N.A., as Trustee,**

 **Defendants.**
_____/

## ORDER

The defendants move for an extension of time to conduct the case management conference required by Local Rule 3.05. (Doc. 24). Mr. Schwartz objects. (Doc. 26).

Mr. Schwartz initiated this cause of action against the defendants seeking to recover benefits owed under an Employee Retirement Income Security Act ("ERISA") plan, damages for breach of contract, and damages for violations of 29 U.S.C. Section 1001. (Doc. 1). On February 22, 2018, Mr. Schwartz filed waivers of the service of summons from each of the defendants. (Docs. 10–14). When a plaintiff files a waiver of service of summons, the Federal Rules of Civil Procedure apply as if a summons and complaint had been served at the time of filing the waiver. Fed. R. Civ. P. 4(d)(4). Therefore, under Rule 4, Mr. Schwartz served the defendants on February 22, 2018.

This case is designated as a Track Two case under the Local Rule 3.05. (Doc. 6). Under

Local Rule 3.05(c)(2)(B), counsel and unrepresented parties in a Track Two case must meet within sixty days after service of the complaint on a defendant for the purpose of preparing and filing a case management report. Therefore, under Local Rule 3.05, the defendants' counsel and Mr. Schwartz must conduct a case management conference by April 24, 2018—sixty days after Mr. Schwartz effectively served the defendants.

The defendants request that the deadline to conduct the case management conference be extended to May 23, 2018. (Doc. 24, p. 3). The defendants request this extension because the defendants moved to re-designate this case as a Track One case. (*Id.* at 2). According to the defendants, if the Court re-designates this case as Track One, that would "obviate the need" for the parties to comply with the current Track Two schedule. (*Id.*). In response, Mr. Schwartz argues Local Rule 3.05(c)(2)(B) states that a case management conference must occur within sixty days after service of the complaint regardless of any undecided motions; therefore, the defendants' motion should be denied. (Doc. 26).

When an act must be done within a specified time, the court may grant an extension of time for good cause. Fed. R. Civ. P. 6(b)(1). To establish good cause, the moving party must show that the current schedule could not be met despite the moving party's diligence. *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citation omitted). When a request for an extension of time is made before the applicable deadline has passed, the extension should normally be granted in the absence of bad faith or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted); *see also Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016) (stating that "district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party

2

or prejudice to another party") (citation omitted).

Here, the defendants established good cause to extend the deadline to conduct the case management conference to May 23, 2018. If the Court re-designates this case as Track One, that decision would change the scope of discovery. Also, extending the deadline for the case management conference to May 23rd would not prejudice Mr. Schwartz. However, absent exceptional circumstances, the court will not further extend this deadline.

Upon consideration, the defendants' request for an extension of time to conduct the case management conference is made in good faith and the requested extension does not prejudice Mr. Schwartz. Accordingly, it is **ORDERED** that the defendants' Motion to Extend Time to Comply with Related Case Order and Track Two Notice (Doc. 24) is **GRANTED**. The parties must conduct the case management conference required by Local Rule 3.05 by **May 23, 2018**.

**ORDERED** in Tampa, Florida on this 13th day of April, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge